(88 South. 225)

No. 23102.

## U. S. FIDELITY & GUARANTY CO. v. OTIS.

(April 4, 1921.)

*(Syllabus by Editorial Staff.)*

Indemnity ⚖️15(3)—Indemnitor liable to contractor's surety for amount paid owner without regard to whether owner put contractor in default.

Where the indemnity bond given a surety on a building contract referred to and made a part of the indemnity bond the surety bond, and not the building contract, and the surety bond contained no stipulation as to the owner's putting the building contractor in default, putting the building contractor in default as was provided in the building contract should be done was not a condition precedent to suit on the indemnity bond.

Appeal from Civil District Court, Parish of Orleans; George H. Theard, Judge.

Action by the United States Fidelity & Guaranty Company against Harry A. Otis. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

J. Zach Spearing, of New Orleans, for appellant.

James J. McLoughlin, of New Orleans, for appellee.

SOMMERVILLE, J. The United States Fidelity & Guaranty Company, as surety on a building contract entered into between O. A. Webb, the owner, and J. A. Newstadt, the contractor, instituted this suit against Harry A. Otis, indemnitor of the bonding company for the amount paid by the bonding company to complete the contract.

There is no dispute as to the amount involved, or that the bonding company paid the owner the amount set forth.

The defendant, indemnitor, answered that he was not liable, for the reason that the owner did not place the builder in default, as provided should be done in the building contract, which read in part, "After three days written notice to the contractor to provide such labor or materials, the owner," on refusal by the contractor, might provide such labor or materials, and deduct the cost from the moneys due contractor.

There was judgment in favor of the defendant, and the bonding company has appealed.

This is simply a suit on a bond of indemnity. It is not a suit sounding in damages. And the law between the parties is found in the written bond, which was filed in evidence. It is the ordinary bond of indemnity wherein Harry A. Otis agreed to indemnify the bonding company for any amount which it might be called upon to spend on the building contract above referred to. As the bonding company paid the amount on the building contract, defendant, under the bond, must indemnify the plaintiff.

The indemnitor had no connection with the building contract whatever, although defendant says, in argument, that the building contract was made a part of the bond of indemnity. The contrary appears from the record, to the effect that the bond (not the building contract), given by the bonding company to the owner, was referred to in and made part of the indemnity bond. And the bond of the bonding company contained no stipulation whatever as to the putting in default.

Were we to consider the matter of default, the record offers positive evidence of the

frequent putting of Newstadt in default by the architect, who represented the owner of the building. And the certificate of the architect is to that effect.

However, there was no necessity of putting Newstadt in default, for he abandoned the work; and Webb the owner, took possession of the building and proceeded to finish it, with the full knowledge and consent of the contractor, who stood idly by during the construction until he disappeared entirely from the scene.

Plaintiff is entitled to recover the amount of the bond of indemnity signed by defendant; and it is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed; and that there now be judgment in favor of plaintiff and against defendant, Harry A. Otis, in the sum of $2,380, with interest at the rate of 5 per centum per annum from February 6, 1916, and for the further sum of $2.10, and for costs.

DAWKINS, J., takes no part.